David A. Devine
AK Bar No. 7906015
Groh Eggers, LLC
2600 Cordova Street, Suite 110
Anchorage, Alaska 99503
Telephone: (907) 562-6474
Facsimile: (907) 562-6044
devined@groheggers.com

**ATTORNEYS FOR DEFENDANTS, SCHLUMBERGER TECHNOLOGY CORPORATION AND AARON BOOGAERTS**

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ALASKA**

| | |
|---|---|
| **TRAVIS BUNTIN** | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) |
| **SCHLUMBERGER TECHNOLOGY CORPORATION, and AARON BOOGAERTS** | ) ) **Case No. 3:16-cv-00073-TMB** ) ) (Superior Court No. 3AN-16-5240 CI) |
| Defendants. | ) ) |

**NOTICE OF REMOVAL**

**NOW INTO COURT**, through undersigned counsel, comes SCHLUMBERGER TECHNOLOGY CORPORATION ("STC") and AARON BOOGAERTS ("Boogaerts," and together with STC, the "Defendants"), who pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, as amended, file this Notice of Removal hereby removing this action from the Superior Court for the State of Alaska, Third Judicial District at Anchorage, to the United States District Court for the District of Alaska, and in support of removal state the following:

1

1.

On March 7, 2016, plaintiff Travis Buntin filed a summons and complaint captioned *Travis Buntin v. Schlumberger Technology Corporation and Aaron Boogaerts*, in the Third Judicial District at Anchorage, Superior Court for the State of Alaska. A copy of the Summons is attached hereto as Exhibit "A," and a copy of the Complaint is attached hereto as Exhibit "B." Boogaerts was served with a copy of the Summons and Complaint on March 7, 2016, and STC was served with a copy of the Summons and Complaint on March 10, 2016. In addition to filing his Complaint, Plaintiff filed and served his First Discovery Requests to Schlumberger Technology Corporation; a copy of Plaintiff's First Discovery Requests to Schlumberger Technology Corporation is attached hereto as Exhibit "C."

2.

Pursuant to his Complaint, Plaintiff purports to set forth claims under the Alaska Wage and Hour Act, Alaska Stat. § 23.10.050, *et seq.* (the "AWHA"), and for breach of contract. Plaintiff alleges that he was an employee of STC who worked in excess of eight (8) hours per day and forty (40) hours per week, but alleges that he was not paid overtime compensation and that Plaintiff entered into an employment contract with Defendants that provided for the payment of severance upon the termination of Plaintiff's employment and that Defendants breached that portion of the agreement.

A.  **The Court Has Subject Matter Jurisdiction Pursuant to 28 U.S.C. § 1332(a)[1]**

3.

Defendants aver that this Court has subject matter jurisdiction under 28 U.S.C. § 1332(a).

---

[1] Considering the paucity of Plaintiffs' allegations in the Complaint, STC may have additional grounds for removing this case to federal court that may become apparent as the Plaintiff files future pleadings with the Court.

2

4.

Plaintiff, as alleged in his Complaint, is domiciled in the State of Alaska and, thus, is a citizen of the State of Alaska.

5.

STC is a corporation organized under the laws of the State of Texas and with its principal place of business in the State of Texas.

6.

Boogaerts is an individual who is a citizen of the State of Alaska. However, Boogaerts has been fraudulently joined and his citizenship should be ignored for purposes of diversity jurisdiction.

7.

"Fraudulent joinder is a term of art."[2] "Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state."[3] A defendant "may introduce evidence beyond the pleadings to establish fraudulent joinder."[4]

  1. **Plaintiff Cannot Establish That Boogaerts Is An "Employer" Under the AWHA.**

8.

Plaintiff has asserted a cause of action under the AWHA. Under the AWHA, an "employer who violates a provision of AS 23.10.060 or 23.10.065 is liable to an employee

---

[2] *Ansara v. State Farm Fire & Cas. Co.*, 2015 WL 7573195, at *2 (D. Nev. Nov. 24, 2015) (quoting *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)).
[3] *Id.* (quoting *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061,
[4] *Morris v. Mass. Electric Construction Co.*, 2015 WL 6697260 (C.D. Cal. Nov. 3, 2015) (citing *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998)).

3

affected in the amount of unpaid minimum wages, or unpaid overtime compensation, as the case may be, and, except as provided in (d) of this section, in an additional amount as liquidated damages."[5] The AWHA does not explicitly define the term "employer," and provides that "[i]f not defined in this title or in regulations adopted under this title, terms used in AS 23.10.050 – 23.10.150 shall be defined as they are defined in 29 U.S.C. 201 – 219 (Fair Labor Standards Act of 1938), as amended, or in regulations adopted under those sections."[6] Thus, the Court must look to the Fair Labor Standards Act (the "FLSA") for the applicable definition of "employer."

9.

Under the FLSA, "employer" is defined to include "any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization."[7] Defendants have not located any cases addressing the issue presented here pursuant to the AWHA. As a result, Defendants look to cases interpreting the FLSA. "Alaska courts seek guidance from federal case law interpreting [the] FLSA."[8]

10.

Interpreting the definition of "employer," the Ninth Circuit has stated that "the definition of 'employer' under the FLSA is not limited by the common law concept of 'employer,' but 'is

---

[5] Alaska Stat. § 23.10.110(a).
[6] Alaska Stat. § 23.10.145.
[7] 29 U.S.C. § 203(d).
[8] *Quinn v. Alaska State Employees Association/American Federation of State, County and Mun. Employees, Local 52*, 944 P.2d 468, 470 n3 (Alaska 1997) (citing *Jeffcoat v. State, Dep't of Labor*, 732 P.2d 1073, 1075 (Alaska 1987)). *See also*, *Air Logistics of Alaska v. Throop*, 181 P.3d 1084, n10 (Alaska 2008) ("While 'federal court interpretation of the FLSA are not binding on Alaska court interpretations of the AWHA … we have found the federal court interpretations of the FLSA helpful in interpreting consistent aspects of the AWHA.").

4

to be given an expansive interpretation in order to effectuate the FLSA's broad remedial purposes."[9] "[T]he Ninth Circuit has held that the definition of employer under the FLSA should be construed to mean that an individual is subject to liability under the FLSA where an individual exercises control over the nature and structure of the employment relationship, or economic control over the relationship."[10] In order to determine whether "an employer-employee relationship exists [is] not depen[dent] on isolated factors, but rather upon the circumstances of the whole activity."[11]

11.

The Ninth Circuit has adopted a four-part test in order to determine whether an employer-employee relationship exists commonly referred to as the "economic reality" test.[12] The factors are whether the employer: (1) had the power to fire and hire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.[13] Courts, however, must keep in mind that "Congress did not intend that any supervisory or managerial employee of a corporation would be held personally liable for the unpaid wages of other employees."[14] At least one court within the Ninth Circuit has described it as "unusual circumstances" where an individual

---

[9] *Boucher v. Shaw*, 572 F.3d 1087, 1090 – 91 (9th Cir. 2009) (quoting *Lambert v. Ackerley*, 180 F.3d 997, 1011 – 12 (9th Cir. 1999) (en banc)).
[10] *Johnson v. Serenity Transportation, Inc.*, -- F. Supp. 3d --, 2015 WL 6664834, at *8 (N.D. Cal. Nov. 2, 2015) (quoting *Arias v. Raimando*, No. 2:13-cv-00904-TLN-EFB, 2015 WL 1469272, at *4 (E.D. Cal. Mar. 30, 2015)).
[11] *Id.* (quoting *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 730 (1947)) (internal quotation marks omitted).
[12] *Id.* at *9.
[13] *Id. See also Guifu Li v. A Perfect Day Franchise, Inc.*, 281 F.R.D. 373, 397 (N.D. Cal. 2012) (applying same factors); *Solis v. Velocity Exp., Inc.*, 2010 WL 2990293, at *2 (D. Or. July 26, 2010) (same); *Baird v. Kessler*, 172 F. Supp. 2d 1305, 1310 – 11 (E.D. Cal. 2001) (same).
[14] *Solis*, 2010 WL 2990293 at *3 (quoting *Baystate Alt. Staffing, Inc. v. Herman*, 163 F.3d 668, 677 (1st Cir. 1998)).

5

employee will be held personally liable under the FLSA.[15]

12.

Some examples of cases where the court has held that an individual employee was not an "employer" under the FLSA include the following: In *Solis v. Velocity Express, Inc.*, the District of Oregon held that the CEO and the COO of the defendant corporation were not "employers" under the FLSA.[16] The court determined that the defendants did not have economic control over the employment relationship because both officers owned little stock and because the two individuals' corporate powers did not have a relationship to employment decisions that allegedly violated the FLSA.[17] Further, the plaintiff failed to show that the defendants made or influenced an employment decision that violated the FLSA.[18]

13.

In *Guifu Li v. A Perfect Day Franchise, Inc.*, the Northern District of California also held that certain managers were not "employers" under the FLSA.[19] The court concluded that a manger was not an employer under the FLSA because there was no evidence that the manager had "control over the nature and structure of the employment relationship or otherwise 'control the purse strings.'"[20] The court held that one of the individual defendants, who was a part owner of the company, was not an employer under the FLSA because there was insufficient evidence that he had sufficient day-to-day control over the operations, was in charge of setting employee wages, or that he had power over the purse strings.[21]

---

[15] *Id.*
[16] 2010 WL 2990293 at *2 - *8.
[17] *Id.* at *4.
[18] *Id.*
[19] 281 F.R.D. at 397 – 400.
[20] *Id.* at 398 – 99.
[21] *Id.* at 399.

6

14.

In *Baird v. Kessler*, the Eastern District of California held that nine individual defendants who were managers and supervisors at the state department of corrections were not employers under the FLSA.[22] Despite the fact that the nine individual defendants set plaintiffs' schedules, assisted in drafting employee handbooks, recommended and reviewed termination of other employees, and maintained employment records, "[c]onsidering the economic reality of the circumstances, a crucial aspect of control [was] missing."[23] The court held that despite the individual defendants' participation in the day-to-day work environment, they did not "control the purse strings" because the state had absolute control over the salaries of the plaintiffs and whether or not the plaintiffs would even receive a check.[24] The court stated that "[c]ongress could not have intended to hold individuals personally liable for alleged violations of the FLSA when those individuals cannot even control crucial aspects of the work environment such as when and if paychecks will issue, how many employees are necessary, and whether or not more employees can be hired."[25]

15.

Considering the four factors of the economic reality test with respect to Boogaerts, Plaintiff cannot establish that Boogaerts is his "employer" under the AWHA.

16.

Boogaerts is currently the Operations Manager for STC's slickline and wireline operations in Alaska. As a result, Boogaerts has some control over employee work schedules and other conditions of employment and this factor would weigh in favor of finding Boogaerts to

---

[22] 172 F. Supp. 2d at 1309 – 1312.
[23] *Id.* at 1311.
[24] *Id.*
[25] *Id.* at 1312.

7

be an "employer" under the FLSA.

17.

The other factors, however, lead to the conclusion that Boogaerts is not an employer under the FLSA. First, Boogaerts does not have ultimate authority to hire or fire employees. More importantly, Boogaerts does not "control the purse strings" with respect to the employment relationship between STC and Plaintiff. Boogaerts does not have final decision making authority with respect to the salary Plaintiff received. Such decisions were made by STC's corporate human resources department in Texas. Likewise, Boogaerts does not have any role in the decision as to whether or not Plaintiff's position was defined as exempt.[26] Again, such decisions are made by STC's corporate human resources department in Texas.[27]

18.

When viewed together, the totality of the circumstances lead to the conclusion that Boogaerts would not be classified as an "employer" under the FLSA.

**2. Plaintiff Cannot Assert a Claim Against Boogaerts for Breach of Contract.**

19.

Plaintiff also asserts a cause of action for breach of contract. Specifically, Plaintiff alleges that he entered into an employment contract with Defendants at or around June 6, 2009, and that pursuant to the agreement, Defendants were obligated to pay severance to Plaintiff in the event that Plaintiff's employment was terminated. On February 15, 2015, Plaintiff's employment was terminated, and he alleges that Defendants breached the contract by failing to pay severance wages within three (3) days of his termination.

---

[26] While the Complaint does not make it clear, it appears that the basis for Plaintiff's AWHA claim is that he was improperly characterized as an exempt employee and did not received overtime as a result.

[27] *See* Declaration of Mitch Williamson, at ¶¶ 4 & 5.

20.

In order to assert a claim for breach of contract, a plaintiff must generally allege the existence of a contract, breach, causation, and damages.[28] Here, Plaintiff cannot state a claim for breach of contract against Boogaerts because no such contract could exist.

21.

Plaintiff alleges that Boogaerts entered into a contract with Plaintiff on or about June 6, 2009. Boogaerts, however, would not have been in a position to enter into a contract with a STC employee in Alaska at that time. In June of 2009, Boogaerts was employed by STC but he was assigned to a position in Utah, not Alaska. There is no way that Boogaerts would have executed a contract with an STC employee in Alaska at a time when he was assigned to a position in Utah.

22.

Furthermore, even assuming Boogaerts was employed in a position where he could have executed an agreement with Plaintiff, an employment agreement would necessarily be one between Plaintiff and STC—not the local manager/supervisor personally. It makes little sense that Boogaerts would enter into an agreement whereby he would be personally liable for severance wages to Plaintiff in the event of Plaintiff's termination.

23.

After disregarding Boogaerts' citizenship because he has been fraudulently joined as a defendant, the parties are completely diverse under 28 U.S.C. § 1332.

24.

Paragraph 5 of the Complaint provides that "Plaintiff is seeking a recovery of money damages in excess of $100,000.00, exclusive of costs, interest, and attorney fees. Pursuant to 28

---

[28] *Nicado v. Chase Home Finance*, 839 F. Supp. 2d 1051, 1068 (D. Alaska 2012).

U.S.C. § 1446(c)(2), "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy…."

25.

Using the sum demanded in good faith by Plaintiff, the amount in controversy, the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

26.

Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a).

27.

Removal to the United States District Court for the District of Alaska is an appropriate venue pursuant to 28 U.S.C. § 1391, § 1441, and § 1446(a).

28.

Pursuant to 28 U.S.C. § 1446, this Notice of Removal and the attached copies of all process, pleadings, and orders received by Defendants comply with the requirements of § 1446(a).

29.

Pursuant to 28 U.S.C. § 1446(d) a notice of removal will be filed in the Superior Court, Third Judicial District at Anchorage, State of Alaska, and served upon Plaintiff through his counsel of record.

**WHEREFORE**, Defendants, preserving all rights and without waiving any of their procedural or substantive rights or defenses, pray for removal of the above captioned proceeding from the Superior Court, Third Judicial District at Anchorage, State of Alaska, to the United States District Court for the District of Alaska.

Respectfully submitted this 6th day of April, 2016.

                    GROH EGGERS, LLC

                    Attorneys for Defendant Schulmberger Technology Corporation

                    By: /s/ David A. Devine
                        David A. Devine
                        Alaska Bar No. 7906015
                        GROH EGGERS, LLC
                        2600 Cordova St., Suite 110
                        Anchorage, AK 99501
                        Phone: (907) 562-6474
                        Fax:  (907) 562-6044
                        Email: devined@groheggers.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 6th day of April, 2016, I caused the foregoing to be filed using the Court's CM/ECF system and served a copy via U.S. Mail and e-mail on the following counsel of record for Plaintiff:

    Daniel I. Pace  (Email: dan@pacelawoffices.com)
    PACE LAW OFFICES
    101 East 9th Avenue, Suite 7A
    Anchorage, AK  99501

/s/David A. Devine