IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TRAVIS BUNTIN,<br><br>                              Plaintiff,<br><br>       v.<br><br>SCHLUMBERGER TECHNOLOGY CORPORATION and AARON BOOGAERTS,<br><br>                            Defendants. | Case No. 3:16-cv-00073-TMB<br><br>ORDER ON MOTION TO REMAND |

## I.    INTRODUCTION

This matter is before the Court on Plaintiff Travis Buntin's Motion to Remand at docket 16. Defendants Schlumberger Technology Corporation ("STC") and Aaron Boogaerts oppose at docket 19. Buntin has replied at docket 21. Buntin originally filed this lawsuit against Defendants in state court alleging breach of contract and non-payment of overtime wages in violation of the Alaska Wage and Hour Act ("AWHA").[1] Defendants removed to this Court, alleging that Aaron Boogaerts has been fraudulently joined to this lawsuit for purposes of destroying this Court's diversity jurisdiction, and alternatively that complete diversity exists. Buntin asserts that Boogaerts is a citizen of Alaska for diversity purposes, and that Boogaerts may be an "employer" under the AWHA, making his joinder as a defendant proper. For the reasons that follow, the Plaintiff's Motion to Remand is **DENIED**.

## II.    BACKGROUND

STC provides technology services to the oil and gas industry in Alaska. According to its website, "[STC] is the world's leading provider of technology for reservoir characterization,

---

[1] Dkt. 1-2.

1

drilling, production, and processing to the oil and gas industry."[2] STC employed Travis Buntin in Alaska as an Operator and then as a Slickline Specialist from 2009 through 2016.[3] STC terminated Buntin's employment on February 15, 2016.[4] Defendant Boogaerts was the Operations Manager for STC's "Wireline" and "Slickline" Groups in Alaska and served as Buntin's supervisor at the time of Buntin's termination.[5]

On March 7, 2016, Buntin filed a lawsuit in Alaska Superior Court alleging that Defendants (1) breached their employment contract by non-payment of severance pay when Buntin was laid off, and (2) violated the AWHA by non-payment of overtime wages.[6]

On April 6, 2016, Defendants filed a notice of removal invoking this Court's diversity jurisdiction under 28 U.S.C. § 1332(a).[7] Buntin now moves to remand the case back to state court.[8] Defendants oppose the motion to remand,[9] and Buntin has replied.[10]

---

[2] About Schlumberger, http://www.slb.com/about.aspx (last visited Oct. 17, 2016).

[3] Dkt. 1-2 at 2.

[4] Dkt. 1-2 at 3.

[5] Dkt. 1 at 7; Dkt. 20 at 1–2.

[6] *See* Dkt. 1-2; Dkt. 6.

[7] Dkt. 1 at 2–3.

[8] Dkt. 16.

[9] Dkt. 19.

[10] Dkt. 21.

### III. LEGAL STANDARD

The primary statutory provision authorizing removal jurisdiction is 28 U.S.C. § 1441.[11] This statute provides that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."[12] Generally speaking, this means that a plaintiff's complaint must present either a federal question, or alternatively, diversity of citizenship must exist for the case to be removed from state to federal court. Section 1441(b)'s "forum defendant rule" imposes a limitation on suits removed pursuant to diversity jurisdiction: such actions are removable only if none of the parties in interest properly joined and served as a defendant is a citizen of the state in which such action is brought.[13] This rule "reflects the belief that diversity jurisdiction is unnecessary because there is less reason to fear state court prejudice against the defendants if one or more of them is from the forum state."[14] The Ninth Circuit observes that "[t]he strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper, and that the court resolves all ambiguity in favor of remand to state court."[15]

---

[11] Erwin Chemerinsky, Federal Jurisdiction § 5.5 at 371 (6th ed. 2012).

[12] 28 U.S.C. § 1441(a).

[13] *Spencer v. U.S. Dist. Court for Norther Dist. of Cal.*, 393 F.3d 867, 870 (9th Cir. 2004) (internal citations omitted).

[14] Chemerinsky at 372–73.

[15] *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

## IV. DISCUSSION

Buntin seeks to remand this case to state court. He claims that removal of this case was improper because both Buntin and Boogaerts are citizens of the State of Alaska, and that complete diversity therefore does not exist.[16] In the absence of complete diversity, Buntin asserts that this Court does not have subject matter jurisdiction over the lawsuit. Defendants oppose remand, arguing that Boogaerts has been fraudulently joined as a defendant for purposes of defeating this Court's diversity jurisdiction. In the alternative, Defendants argue that complete diversity exists because Boogaerts established his domicile in Texas the very day Buntin filed suit. The Court only addresses the fraudulent joinder issue as it is dispositive on the remand motion.

### A. Fraudulent Joinder

At issue is whether Boogaerts was fraudulently joined as a defendant in this case for the purpose of defeating this Court's diversity jurisdiction. Defendants claim that Boogaerts was not Buntin's employer, but merely his supervisor, and that Buntin therefore cannot properly assert either the breach of contract claim or the AWHA claim against Boogaerts. Buntin argues that Boogaerts "may fall" within the definition of an "employer" under the applicable statutes, and is therefore a proper defendant in this action.[17]

---

[16] Dkt. 21 at 5.

[17] Dkt. 16 at 6.

*1. Legal Standard for Fraudulent Joinder*

The federal district court has original jurisdiction where there is diversity of citizenship and the amount in controversy exceeds $75,000.[18] Where the basis of jurisdiction is diversity of citizenship, that diversity must be complete in that each of the plaintiffs must be a citizen of a different state than each of the defendants.[19] However, there is an exception to the requirement of complete diversity where a non-diverse defendant has been "fraudulently joined."[20] "Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, '[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'"[21] The defendant is entitled to present facts beyond the pleadings to show that the joinder is fraudulent.[22] The Ninth Circuit acknowledges, "[i]t is commonplace that fraudulently joined defendants will not defeat removal on diversity grounds."[23]

*2.    Buntin's Claims Against Boogaerts*

Plaintiff asserts two claims against the defendants in this case: breach of contract and non-payment of overtime under the AWHA. As Buntin acknowledges, the fraudulent joinder

---

[18] 28 U.S.C. § 1332(a).

[19] *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

[20] *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

[21] *Id.* (quoting *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)).

[22] *Id.*; *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998) ("[A] defendant must have the opportunity to show that the individuals joined in the action cannot be liable on any theory."); *Morris v. Mass Elec. Constr. Co.*, No. CV 15-7804 DMG (GJSx), 2015 WL 6697260, at *2 (C.D. Cal. Nov. 3, 2015).

[23] *Ritchey*, 139 F.3d at 1318.

analysis requires a court to examine whether a plaintiff truly has a cause of action against an alleged sham defendant.[24] Accordingly, the Court must evaluate whether Buntin can properly maintain either of his claims against Boogaerts.

      i. <u>Breach of Contract Claim</u>

First, the Court must determine whether Boogaerts is a party to any employment contract between STC and Buntin. Buntin argues that his breach of contract claim can be asserted against Boogaerts under Alaska law as an "employer."[25] Defendants argue that no breach of contract claim can be asserted against Boogaerts because he was not Buntin's employer nor was he a party to any employment contract. In support of this contention, Defendants argue that Boogaerts was employed by STC in Utah at the time Buntin began his employment with STC in Alaska, and that there is no conceivable way that Boogaerts could have entered into an employment contract on behalf of STC with Buntin.[26] Buntin did not refute this assertion.

The Alaska Supreme Court has noted that "[g]enerally, an employee cannot be held liable for the breach of a contract between the employer and another party."[27] In *Jones v. Central Peninsula General Hospital*,[28] a fired hospital employee brought a breach of contract claim against the hospital and several of her supervisors. Writing for a unanimous Court, Justice Rabinowitz noted that the claims against the individual supervisors of the terminated employee-

---

[24] Dkt. 16 at 4.

[25] Dkt. 16 at 4.

[26] Dkt. 1 at 9.

[27] *Jones v. Cent. Peninsula Gen. Hosp.*, 779 P.2d 783, 791 (Alaska 1989).

[28] *Id.*

plaintiff were properly dismissed because the supervisors "were not parties to the employment contract" and as such "they cannot be held liable for any breach that may have occurred."[29]

Beyond asserting that Boogaerts is an "employer," Buntin does not allege any facts which indicate that Boogaerts is a party to an employment contract between STC and Buntin.[30] Nor does Buntin contest Defendants' assertion that Boogaerts was employed in an entirely different state at the time that Buntin was hired by STC, and only later was transferred into a supervisory role in Alaska. Boogaerts' position is analogous to the hospital supervisors in *Jones*. Under the applicable Alaska case law, it is apparent to the Court that Buntin cannot maintain his breach of contract claim against Boogaerts.

    ii.    <u>Alaska Wage and Hour Act Claim</u>

Buntin's second claim is that Defendants violated the AWHA by failing to pay him overtime wages. At issue is whether Boogaerts qualifies as an "employer" under the AWHA. The parties agree that the AWHA does not define employer, but instead incorporates the definition from the federal Fair Labor Standards Act ("FLSA").[31] The FLSA defines an "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee."[32] The remedial purposes of the FLSA necessitate a broad interpretation of "employer,"[33] however, courts in this circuit and others have observed that "Congress did not

---

[29] *Id.*

[30] Nowhere in the complaint (docket 1-2), in the motion to remand (docket 16), or in the reply (docket 19) does Buntin allege that Boogaerts is a party to an employment contract with Buntin.

[31] Dkt. 1 at 4; Dkt. 16 at 4; *see also* Alaska Stat. § 23.10.145.

[32] 29 U.S.C. § 203(d).

[33] *See Jeffcoat v. Alaska*, 732 P.2d 1073, 1075 (Alaska 1987); *see also Boucher v. Shaw*, 572 F.3d 1087, 1090–91 (9th Cir. 2009).

intend that 'any supervisory or managerial employee of a corporation could be held personally liable for the unpaid wages of other employees.'"[34] An individual may be personally liable for FLSA violations if he or she "exercises control over the nature and structure of the employment relationship."[35] The Ninth Circuit applies a four-factor "economic reality" test to determine whether an employment relationship exists under the FLSA.[36] These factors, known as the *Bonnette* factors, include whether the alleged employer (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.[37] The determination of whether an employment relationship exists is based upon the circumstances of the whole activity, and no single factor is dispositive.[38]

Defendants argue that under the economic reality test, Boogaerts does not meet the definition of an employer under the FLSA, and by extension, the AWHA. Buntin responds that Defendants' economic reality arguments are irrelevant, and that Buntin need only state a cause of action against Boogaerts that is recognized by Alaska state law to effectuate a remand.[39] Buntin

---

[34] *See, e.g.*, *Solis v. Velocity Exp., Inc.*, No. CV 09-864-MO, 2010 WL 2990293, at *3 (D. Or. Jul. 26, 2010) (quoting *Baystate Alternative Staffing, Inc. v. Herman*, 163 F.3d 668, 676 (1st Cir. 1998) (declining to adopt a broad interpretation of employer that would "make any supervisory employee, even though without any control over the corporation's payroll, personally liable for the unpaid or deficient wages of other employees")).

[35] *Boucher*, 572 F.3d at 1091.

[36] *Bonnette v. Cal. Health and Welfare Agency*, 704 F.2d 1465, 1470 (9th Cir. 1983).

[37] *Moreau v. Air France*, 356 F.3d 942, 946–47 (9th Cir. 2003) (citing *Bonnette*, 704 F.3d at 1470).

[38] *See Hale v. State of Ariz.*, 993 F.2d 1387, 1394 (9th Cir. 1993) ("While these factors 'provide a useful framework for analysis . . . , they are not etched in stone and will not be blindly applied.'" (quoting *Bonnette*, 704 F.2d at 1470)).

[39] Dkt. 16 at 5.

maintains that whether or not Boogaerts is an employer must be decided at a later date by the state court.[40]

Buntin's argument here is a misstatement of appropriate legal standard. Under Buntin's proposed framework, the mere presence of a claim against a non-diverse defendant is sufficient to remand the case. If the analysis were really that simple, the Court would be prevented from examining whether a plaintiff truly has a cause of action against an alleged sham defendant, rendering the doctrine of fraudulent joinder moot. To properly evaluate Defendants' fraudulent joinder claim, the Court must take the additional step of analyzing whether Buntin has a viable AWHA claim against Boogaerts. Accordingly, the Court must apply the *Bonnette* factors of the economic reality test to evaluate if Buntin can maintain his AWHA claim against Boogaerts.

*1) Hiring and Firing Authority*

Defendants assert that Boogaerts did not have ultimate authority to hire or fire employees, and all final employment decisions were made by STC's human resources department in Houston, TX.[41] Buntin does not allege that Boogaerts had hiring or firing authority, but asserts that discovery is needed to determine the full scope of Boogaerts authority.[42]

*2) Supervision and Control of Work Schedules and Conditions of Employment*

In their notice of removal, Defendants initially conceded Boogaerts had "some control over employee work schedules and other conditions of employment."[43] In a later filing,

---

[40] Dkt. 21 at 3.

[41] Dkt. 20 at 2; Dkt. 1 at 8.

[42] Dkt. 16 at 6.

[43] Dkt. 1 at 7.

Boogaerts declares "I did not directly supervise the employees of the Wireline and Slickline Group nor did I set employee work schedules . . . . I did not have any control to determine or vary the job duties of Slickline Specialists, nor did I have any control over other conditions of their employment, such as the STC corporate policies that applied to them and the terms of such policies."[44] Buntin does not allege that Boogaerts directed his day-to-day operations or controlled his work schedule.

With respect to conditions of employment, Defendants also contend that Boogaerts had no involvement in Buntin's classification as an exempt employee. Both Boogaerts and STC assert that employee classification decisions are made by STC's human resources office in Texas.[45] Buntin does not allege that Boogaerts was responsible for this classification or for any other conditions of employment.

### 3) *Rate and Method of Payment*

Defendants assert that Boogaerts "does not have final decision making authority with respect to the salary Plaintiff received,"[46] and that Boogaerts did not "set employee wages."[47] Buntin does not allege that Boogaerts had any such authority.

### 4) *Maintenance of Employment Records*

Neither party addresses where STC maintains its employment records. However, Defendants note that Boogaerts does not have any ownership stake in STC and assert that

---

[44] Dkt. 20 at 2.

[45] Dkt. 3-1; Dkt. 20.

[46] Dkt. 1 at 8.

[47] Dkt. 19 at 9.

Boogaerts did not perform any of the activities required in order for him to be considered an employer under the economic reality test.

The first three *Bonnette* factors suggest that Boogaerts (1) did not have authority to hire or fire Buntin, (2) had little to no meaningful control over Buntin's schedule or the conditions of his employment (including Buntin's classification as an exempt employee), and (3) did not set or control Buntin's salary. There was no information submitted by the parties as to the fourth *Bonnette* factor, but knowing the location of STC's employment records would not change the Court's analysis here. Aside from the bare assertion that Boogaerts is an employer, Buntin fails to allege any facts that suggest Boogaerts can be held liable under the AWHA. Buntin asserts that he needs discovery to determine the entire scope of Boogaerts' responsibility and authority, however, the Court must address Boogaerts status as an employer now in order to determine whether Boogaerts has been fraudulently joined as a defendant. It is not apparent to the Court that additional discovery will tip the balance of the economic reality test towards a finding that Boogaerts was Buntin's employer. Based on this information, the Court concludes that Boogaerts is not Buntin's employer under the economic reality test. Accordingly, Buntin cannot maintain his AWHA claim against Boogaerts.

## V. CONCLUSION

Under 28 U.S.C. § 1441, it is the defendant's prerogative to remove a diversity jurisdiction case to federal court. Buntin cannot maintain either his breach of contract claim or his AWHA claim against Boogaerts under the settled rules of law in Alaska and the Ninth Circuit. Defendants, therefore, have met their burden of showing that Boogaerts was fraudulently joined. "It is commonplace that fraudulently joined defendants will not defeat removal on

diversity grounds."[48] The Court ignores Boogaerts non-diverse citizenship, finds that there is complete diversity between the parties, and determines that removal to federal district court was proper. Accordingly, Buntin's Motion to Remand at docket 16 is **DENIED**. Buntin's request that Defendants pay his costs and attorney's fees for improper removal at docket 21 is also **DENIED**.

IT IS SO ORDERED.

Dated at Anchorage, Alaska, this 22nd day of December, 2016.

/s/ Timothy M. Burgess
TIMOTHY M. BURGESS, CHIEF
UNITED STATES DISTRICT JUDGE

---

[48] *Ritchey*, 139 F.3d at 1318.