# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

*Buntin v. Schlumberger Technology Corporation*
Case No. 3:16-cv-00073-TMB

By: THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS: ORDER FROM CHAMBERS

The matter comes before the Court on Defendant Schlumberger Technology Corporation's ("STC") Motion to Reconsider Denial of Summary Judgment.[1] STC asks the Court to reconsider its order denying summary judgment[2] (the "Order") in light of the Alaska Supreme Court's recent opinion answering two certified questions of law from the Court.[3] For the following reasons, the Motion is **GRANTED**.

As described in this Court's Order denying STC's Motion for Summary Judgment, this case arises out of Plaintiff Travis Buntin's claims against STC under the Alaska Wage and Hour Act ("AWHA").[4] On summary judgment, STC argued that Buntin "is an exempt employee under several exemptions in the AWHA and is therefore not entitled to overtime pay. Alternatively, [STC] argue[d] that they acted in good faith and had reasonable grounds for classifying Plaintiff as exempt, and that they accordingly should not be required to pay liquidated damages under the AWHA."[5] Finding genuine issues of material fact, the Court denied STC's motion for summary judgment.[6] Following the Court's Order, the Parties attempted to mediate the matter, but were unsuccessful in resolving the case.[7]

The Court later certified the following questions to the Alaska Supreme Court:

1. Following *Encino Motorcars v. Navarro*, 138 S. Ct. 1134 (2018), should exemptions under the AWHA be given a narrow or fair interpretation?

2. What standard of proof applies to exemptions to the overtime provisions of the AWHA?[8]

---

[1] Dkt. 139 at 1 (Motion).
[2] Dkt. 102 (Order on Motion for Summary Judgment).
[3] *Buntin v. Schlumberger Tech. Corp.*, 487 P.3d 595 (Alaska 2021).
[4] Dkt. 102 at 1.
[5] *Id.* at 2.
[6] *Id.* at 11, 13, 15–16, 20.
[7] *See* Dkt. 106 (Joint Status Report).
[8] Dkt. 128 at 6 (Order Certifying Second Question to Alaska Supreme Court).

In its Motion, STC asserts that the post-*Encino* legal landscape is more employer-friendly and that the Court too "narrowly construed" the provisions of the AWHA at issue on summary judgment.[9] It states that the Court relied on "multiple cases that utilized the pre-*Encino* narrow-interpretation principle."[10] By granting reconsideration, STC argues the Court would have the opportunity to consider the "sea change" in this area of the law.[11]

Local Civil Rule 7.3(h) states:

> (1) A court will ordinarily deny a motion for reconsideration absent a showing of one of the following: (A) manifest error of the law or fact; (B) discovery of new material facts not previously available; or (C) intervening change in the law[.][12]

Here, the Court agrees that STC has grounds to request reconsideration of the Court's denial of summary judgment due to intervening developments in the law. The Alaska Supreme Court issued its opinion as to the Court's certified questions on June 11, 2021.[13] In the opinion, the Alaska Supreme Court states that "AWHA exemptions expressly linked to FLSA exemptions must be given a fair rather than narrow reading" and that a "preponderance of the evidence" standard applies "to an assertion that an employee is exempt from the AWHA's overtime and minimum wage requirements."[14]

The Court denied STC's Motion for Summary Judgment on August 6, 2018.[15] Notably, the Court stated: "[E]ven assuming, as [STC] argues, that the appropriate standard of proof under the AWHA is a preponderance of the evidence and exemptions should no longer be construed narrowly, [STC] is not entitled to summary judgment with respect to exemptions under the AWHA."[16] However, the Court did not have the benefit of the Alaska Supreme Court's analysis or the intervening years of post-*Encino* federal case law. It is therefore appropriate for the Parties to brief the issue and for the Court to reconsider its Order denying summary judgment.

For the foregoing reasons, the Court finds that reconsideration of the Order at Docket 102 is warranted. Therefore, the Motion at Docket 139 is **GRANTED**. Upon reconsideration, the Court **ORDERS** the Parties to file simultaneous briefing in accord with the following:

1. STC and Buntin shall each file a brief, not to exceed 15 pages, on or before July 16, 2021.

2. STC and Buntin shall each file a reply brief, not to exceed 10 pages, on or before July 23, 2021.

---

[9] *See* Dkt. 139 at 4–5.
[10] *Id.* at 2–3.
[11] *Id.* at 2.
[12] D. Alaska L. Civ. R. 7.3(h).
[13] *Buntin*, 487 P.3d 595.
[14] *Id.*
[15] Dkt. 102.
[16] *Id.* at 6.

3. The Parties should address the intervening developments in the law, including the Alaska Supreme Court opinion and relevant federal case law, and the impact of these developments on the Court's resolution of STC's Motion for Summary Judgment upon reconsideration.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: July 8, 2021.