IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TRAVIS BUNTIN,<br><br>        Plaintiff,<br><br>v.<br><br>SCHLUMBERGER TECHNOLOGY CORPORATION,<br><br>        Defendant. | Case No. 3:16-cv-00073-TMB<br><br>**ORDER ON RECONSIDERATION OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DKT. 59)** |

## I. INTRODUCTION

This matter comes before the Court following Defendant Schlumberger Technology Corporation's ("STC" or "Defendant") successful Motion for Reconsideration[1] of the Court's Order denying summary judgment.[2] In granting Defendant's Motion for Reconsideration, the Court directed the parties to brief whether the Alaska Supreme Court's decision in *Buntin v. Schlumberger Tech. Corp.*[3] impacted the Court's prior resolution of Defendant's Motion for Summary Judgment. Having considered the parties' supplemental briefing,[4] the Court concludes that the Alaska Supreme Court's decision and related federal cases do not change the Court's

---

[1] Dkts. 139 (Motion for Reconsideration); 140 (Order Granting Motion for Reconsideration).

[2] Dkt. 102 (Order on Motion for Summary Judgment).

[3] 487 P.3d 595 (Alaska 2021).

[4] Dkts. 145 (Plaintiff's Supplemental Brief); 146 (Defendant's Supplemental Brief; 147 (Defendant's Reply); 148 (Plaintiff's Reply). The Court previously heard oral argument on Defendant's Motion for Summary Judgment. Dkt. 101 (Minute Entry for Hearing on Motion for Summary Judgment). In subsequent filings on reconsideration, the parties did not request oral argument, and the Court finds the matter suitable for disposition without argument.

1

decision that genuine issues of material fact preclude summary judgment. For the following reasons, Defendant's Motion for Summary Judgment at Docket 59 is **DENIED** on reconsideration.

## II. BACKGROUND

Defendant provides technology services to the oil and gas industry in Alaska.[5] Plaintiff Travis Buntin worked for Defendant as an Operator from 2009 through 2013 and as a Slickline Specialist from 2013 through 2016.[6] Plaintiff's primary duties are disputed.[7] Defendant terminated Plaintiff's employment on February 16, 2016.[8] Plaintiff then filed a complaint in Alaska state court, alleging in relevant part that Defendant failed to pay him overtime owed under the Alaska Wage and Hour Act ("AWHA").[9] Defendant removed the action to federal court based on diversity jurisdiction.[10]

### A. Defendant's Motion for Summary Judgment

On December 15, 2017, Defendant moved for summary judgment.[11] Defendant argued in relevant part that Plaintiff is not entitled to overtime pay because he is exempt under the AWHA.[12] The AWHA exempts from overtime and minimum wage requirements employees who work in a

---

[5] Dkt. 102 at 1.

[6] *Id.*

[7] The parties' positions as to Plaintiff's job duties, and the evidence they submitted in support of those positions, are discussed in more detail in the Court's Order denying summary judgment and will not be repeated here. *See generally id.*

[8] *Id.* at 1.

[9] Dkts. 1 (Notice of Removal); 1-2 (Complaint).

[10] *See* Dkt. 1.

[11] Dkt. 59 (Defendant's Motion for Summary Judgment).

[12] *Id.* at 7–39 (citing, *inter alia*, Alaska Stat. Ann. § 23.10.055(a)(9)(A)).

2

"bona fide executive, administrative, or professional capacity."[13] At summary judgment, Defendant argued that as a matter of law Plaintiff fell within four exemptions stemming from that provision: (1) the executive exemption[14]; (2) the administrative exemption[15]; (3) the combination exemption (i.e., Plaintiff primarily performed a combination of executive and administrative duties)[16]; and (4) the highly compensated employee exemption.[17] Each of these exemptions requires Defendant to establish, among other requirements, that Plaintiff's primary duties were comprised of some form of exempt work.[18]

The Court denied Defendant's Motion for Summary Judgment on the basis that there is a genuine dispute of material fact as to whether Plaintiff is entitled to overtime pay under the AWHA.[19] Specifically, the Court concluded that there is a genuine dispute as to Plaintiff's primary duties: Defendant claimed Plaintiff's primary duties involved managing and evaluating

---

[13] Alaska Stat. Ann. § 23.10.055(a)(9)(A).

[14] Dkt. 59 at 10–29.

[15] *Id.* at 29–35.

[16] *Id.* at 35–36.

[17] *Id.* at 36–39.

[18] *See* 29 C.F.R. § 541.100(a) (stating that an employee falls within the executive exemption only if their "primary duty is management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof"); 29 C.F.R. § 541.200 (stating that an employee falls within the administrative exemption only if their "primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers" and "includes the exercise of discretion and independent judgment with respect to matters of significance"); 29 C.F.R. § 541.708 (stating that "an employee whose primary duty involves a combination of exempt administrative and exempt executive work may qualify for exemption"); 29 CFR § 541.601(d) (stating that the highly compensated employee exemption "applies only to employees whose primary duty includes performing office or non-manual work").

[19] *See* Dkt. 102 at 13, 15–17.

employees, among other executive and administrative tasks, and that "[a]ny physical work performed by [Plaintiff] was merely ancillary[.]"[20] In contrast, Plaintiff claimed that his primary duty was physically operating the slickline,[21] which both parties recognize occupied a significant amount of Plaintiff's time (although the precise amount of time is in dispute), and which both parties recognize Plaintiff was uniquely qualified to do.[22] These "contrasting accounts of Plaintiff's day-to-day work" precluded summary judgment.[23]

In its Order, the Court made clear that its decision did not turn on the standard of proof or on principles of construction. At the time, the parties disagreed about whether the AWHA's exemptions must be construed "narrowly," in accord with Alaska state law, or "fairly," per the United States Supreme Court's recent decision, *Encino Motorcars, LLC v. Navarro*,[24] interpreting the Fair Labor Standards Act ("FLSA"). Likewise, the parties disagreed about whether Defendant was required to establish that Plaintiff was exempt "beyond a reasonable doubt" or by "a preponderance of the evidence."[25] These issues, the Court noted, were unresolved issues of state law.[26]

---

[20] Dkt. 59 at 31.

[21] *See, e.g.*, Dkt. 76 at 20 (Plaintiff's Response to Defendant's Motion for Summary Judgment).

[22] *See* Dkt. 102 at 10.

[23] *See id.* at 13, 15–17.

[24] 138 S. Ct. 1134 (2018).

[25] Dkt. 102 at 3–6.

[26] *Id.* at 4.

4

As the Court explained, the Alaska State Legislature amended the AWHA in 2005 to provide that exemptions have "the meaning and shall be interpreted in accordance with" the FLSA and associated federal regulations.[27] Before this amendment, the Alaska Supreme Court had adopted a standard of proof for AWHA exemptions that required an employer to "prove beyond a reasonable doubt that the employee is exempt."[28] Some federal courts, on the other hand, applied the "preponderance of the evidence" standard to exemptions under the FLSA.[29] As to the principle of construction, before *Encino Motorcars*, both federal and Alaska courts had held that exemptions under the FLSA and the AWHA should be construed narrowly.[30] In *Encino Motorcars*, the Supreme Court "reject[ed] this principle" and held that "there is no reason to give [FLSA exemptions] anything other than a fair (rather than a 'narrow') interpretation."[31]

When the Court first denied Defendant's Motion for Summary Judgment, the Alaska Supreme Court had yet to weigh in on whether the federal standard of proof and principle of construction applied to exemptions under the AWHA. The Court explained, however, that it need not reach these issues at summary judgment:

> In the present case, . . . the Court need not determine whether the AWHA now reflects the federal standards with respect to these issues. As described below, even assuming, as Defendant argues, that the appropriate standard of proof under the AWHA is a preponderance of the evidence and exemptions should no longer be

---

[27] *See* Alaska Stat. Ann. § 23.10.055(c)(1).

[28] *Fred Meyer of Alaska, Inc. v. Bailey*, 100 P.3d 881, 884 (Alaska 2004); *see also Resurrection Bay Auto Parts, Inc. v. Alder*, 338 P.3d 305, 308 n.14 (Alaska 2014).

[29] *See, e.g.*, *Thomas v. Speedway SuperAmerica, LLC*, 506 F.3d 496, 501–02 (6th Cir. 2007); *Yi v. Sterling Collision Ctrs., Inc.*, 480 F.3d 505, 507–08 (7th Cir. 2007).

[30] *See, e.g.*, *Resurrection Bay Auto Parts*, 338 P.3d at 308; *Solis v. Washington*, 656 F.3d 1079, 1083 (9th Cir. 2011).

[31] 138 S. Ct. at 1142.

construed narrowly, Defendant is not entitled to summary judgment with respect to exemptions under the AWHA.[32]

B. *Questions Certified to the Alaska Supreme Court*

Although neither the standard of proof nor the rule of construction determined the outcome at summary judgment, the Court found that both issues might, ultimately, be determinative of Plaintiff's AWHA claim at trial.[33] Thus, the Court certified the following questions to the Alaska Supreme Court:

1. Following *Encino Motorcars*, should exemptions under the AWHA be given a narrow or fair interpretation?

2. What standard of proof applies to exemptions to the overtime provisions of the AWHA?[34]

On June 11, 2021, the Alaska Supreme Court published an opinion answering the Court's certified questions and holding that (1) "AWHA exemptions expressly linked to FLSA exemptions must be given a fair rather than narrow reading" and (2) the standard of proof applicable to a defendant's claim that "an employee is exempt from the AWHA's overtime and minimum wage requirements" is "the preponderance of the evidence."[35]

C. *Defendant's Motion for Reconsideration*

Relying on the Alaska Supreme Court's decision, Defendant moved for reconsideration of the Court's Order denying summary judgment.[36] The Court agreed to reconsider Defendant's

---

[32] Dkt. 102 at 6.

[33] Dkt. 111 at 2–3 (Order Certifying Question).

[34] Dkts. 111, 119, 128 (Orders Certifying Questions).

[35] *Buntin*, 487 P.3d at 609.

[36] Dkt. 139.

Motion for Summary Judgment on the basis that the Alaska Supreme Court's decision constituted an intervening change in the law under Local Civil Rule 7.3(h).[37] The Court ordered the parties to submit additional briefing "addressing the intervening developments in the law, including the Alaska Supreme Court opinion and federal case law, and the impact of these developments on the Court's resolution of STC's Motion for Summary Judgment upon reconsideration."[38] The parties submitted supplemental briefing accordingly,[39] and their arguments are discussed below.

### III. LEGAL STANDARD

*A. Summary Judgment Standard*

Summary judgment is appropriate where, viewing the evidence in the light most favorable to the non-moving party, "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[40] A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party."[41] When "the moving party bears the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial."[42] If the moving party meets this initial burden, "the burden then moves to the opposing party, who must present significant probative evidence tending to support its claim or defense."[43] In ruling on

---

[37] Dkt. 140.

[38] *Id.* at 3.

[39] Dkts. 145–48.

[40] Fed. R. Civ. P. 56(a).

[41] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (internal citations omitted).

[42] *Houghton v. South*, 965 F.2d 1532, 1536 (9th Cir. 1992).

[43] *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991).

7

a motion for summary judgment, the Court "must view the evidence presented through the prism of the substantive evidentiary burden."[44]

   B. *Standard of Proof and Construction of Exemptions under the AWHA*

The employer bears the burden of establishing that an employee is exempt from the AWHA's overtime requirements by a preponderance of the evidence.[45] "AWHA exemptions expressly linked to FLSA exemptions must be given a fair rather than narrow reading."[46]

## IV. ANALYSIS

For the following reasons, Defendant's Motion at Docket 59 is **DENIED**.

Defendant focuses its Motion for Reconsideration and supplemental briefing on *Encino Motorcars*, arguing that (1) *Encino Motorcars* meaningfully changed the law by requiring that exemptions be construed fairly, and (2) in denying summary judgment, the Court erroneously construed the relevant AWHA exemptions narrowly.[47] In other words, Defendant believes that a fair reading of the AWHA's executive, administrative, combination, and highly compensated employee exemptions requires the Court to conclude that Plaintiff was an exempt employee. A fair reading, according to Defendant, "relies on the ordinary meaning of the regulations and looks at 'how a reasonable reader, fully competent in the language, would have understood the text at the time it was issued.'"[48] Thus, Defendant argues, the Court should not "tip[] the scales" in favor of

---

[44] *Anderson*, 477 U.S. at 254.

[45] *Buntin*, 487 P.3d at 601, 606.

[46] *Id.* at 609.

[47] *See* Dkts. 139, 146–47.

[48] Dkt. 146 at 4 (quoting *Ramirez v. Statewide Harvesting & Hauling, LLC*, 997 F.3d 1356, 1359 (11th Cir. 2021)).

8

Case 3:16-cv-00073-TMB   Document 149   Filed 09/28/21   Page 8 of 12

the employee.[49] Rather, Defendant asks the Court to do the opposite, claiming that "the Court should not focus on what [Plaintiff] did not do or facts for which there is a factual dispute (i.e., narrowly construe the exemption), but, instead, focus on the exempt duties he did perform that satisfy the exemption (i.e., give the exemption a fair reading)."[50]

In contrast, Plaintiff argues that *Encino Motorcars* "reflects only a conceptual difference in the law"[51] and that in most cases, including this one, "the same court will reach the same conclusion regardless of the application of the fair or narrow standard."[52] By way of example, Plaintiff points to several cases in which employers sought reconsideration based on *Encino Motorcar*s' fair reading standard and the courts rejected such efforts, including at summary judgment.[53] Plaintiff also notes that Defendant still bears the burden of proving Plaintiff is exempt and that neither *Encino Motorcars* nor *Buntin* redefined the exemptions at issue in this case.[54]

Plaintiff also argues that a fair reading of the AWHA, as informed by the FLSA and accompanying regulations, merits summary judgment to Plaintiff for reasons unrelated to the

---

[49] *Id.*

[50] Dkt. 147 at 6.

[51] Dkt. 145 at 3.

[52] Dkt. 148 at 4.

[53] Dkt. 145 at 3. *See, e.g.*, *Hurt v. Com. Energy, Inc.*, No. 1:12-CV-758, 2018 WL 4203531, at *1–2 (N.D. Ohio Sept. 4, 2018) (denying defendants' request for reconsideration despite *Encino Motorcars* and explaining that "*Encino Motorcars* marks some change in FLSA law—just not one that warrants reconsideration of the Court's prior decisions" because "[e]ven under a 'fair reading' of the outside sales exemption, the evidence raised genuine issues of material fact that prevented summary judgment").

[54] Dkt. 145 at 3.

Alaska Supreme Court's decision in *Buntin*.[55] In doing so, Plaintiff reiterates an argument that the Court rejected at Docket 102,[56] and which the Court will not reconsider now.[57]

As the Court explicitly stated in its Order denying summary judgment,[58] Defendant is not entitled to summary judgment under either a narrow or fair reading of the relevant exemptions. By their plain language, the FLSA's supporting regulations require Defendant to prove that Plaintiff's primary duty was to perform exempt work.[59] The regulations also define the term "primary duty" and provide factors to consider when evaluating an employee's primary duty.[60] Unlike in *Encino Motorcars*, these regulations as applied to the facts of this case are not susceptible to different interpretations when read narrowly or fairly. The Court concluded that genuine issues of material fact—most importantly, that the parties provide contrasting accounts of Plaintiff's day-to-day work—preclude summary judgment. The Court reaches the same conclusion now, as it is consistent with a fair reading of the AWHA, FLSA, and supporting regulations.

---

[55] *Id.* at 7–11.

[56] *See* Dkt. 102 at 7.

[57] The Court agreed to reconsider Defendant's Motion for Summary Judgment on the narrow basis that the Alaska Supreme Court's decision in *Buntin* constituted an intervening change in the law that might have impacted the Court's resolution of Defendant's Motion. Dkt. 140 at 2–3. Thus, the Court will consider only the impact of *Buntin* and related intervening developments in the law.

[58] Dkt. 102 at 6 ("[E]ven assuming, as Defendant argues, that the appropriate standard of proof under the AWHA is a preponderance of the evidence and exemptions should no longer be construed narrowly, Defendant is not entitled to summary judgment with respect to exemptions under the AWHA.").

[59] *See* 29 C.F.R. § 541.100(a); 29 C.F.R. § 541.200; 29 C.F.R. § 541.708; 29 CFR § 541.601(d).

[60] 29 C.F.R. § 541.700(a) (defining "primary duty"); *see also* Dkt. 102 at 10 (discussing the statutory definition).

The Court cannot, as Defendant asks, ignore disputed, material facts and focus only on the exempt duties Plaintiff performed. Defendant's request misconstrues the fair reading standard. That standard might change how a court interprets an exemption when the meaning of that exemption is unclear under a set of undisputed facts. But the standard does not require a court to either ignore disputed facts or weigh facts in an employer's favor. Doing so would contravene the summary judgment standard, and Defendant cites to no authority for the proposition that *Encino Motorcars*' rule of construction was intended to supplant the ordinary approach to summary judgment.

At summary judgment, the Court must view the facts in the light most favorable to the non-moving party and consider whether genuine, material factual disputes remain.[61] Applied here, the Court concludes that a reasonable jury applying a preponderance of the evidence standard could find in Plaintiff's favor.[62] As discussed in the Court's original Order at Docket 102, Plaintiff has offered "significant probative evidence tending to support its claim."[63] Accordingly, the Court **DENIES** Defendant's Motion for Summary Judgment on reconsideration.

---

[61] Fed. R. Civ. P. 56(a).

[62] *See Anderson*, 477 U.S. at 254.

[63] *Intel Corp.*, 952 F.2d at 1558.

## V. CONCLUSION

For the foregoing reasons, following reconsideration based on a change in intervening law, Defendant's Motion for Summary Judgment at Docket 59 is **DENIED**.

IT IS SO ORDERED.

Dated at Anchorage, Alaska, this 28th day of September, 2021.

/s/ *Timothy M. Burgess*
TIMOTHY M. BURGESS
UNITED STATES DISTRICT JUDGE